**SO ORDERED.**

**SIGNED this 08 day of June, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

COURTNEY B. WILLIAMS and				Case No. 08-02284-8-JRL
DEENA L. WILLIAMS,					Chapter 7

	Debtors.


JAMES B. ANGELL, Chapter 7 Trustee For
Courtney B. Williams and
Deena L. Williams					Adversary Proceeding No.:
							08-00188-8-AP
	Plaintiff,

	vs.

COURTNEY B. WILLIAMS and
DEENA L. WILLIAMS,

	Defendants.
_____

### ORDER

This case is before the court on the motion filed by the debtors, Courtney B. and Deena L. Williams, for protective order in regard to plaintiff's first requests for production of documents, the Chapter 7 Trustee's (the "Trustee") motions to compel production of documents pursuant to subpoenas, and the Trustee's second motion to modify scheduling order and to

continue trial. On May 20, 2009, the court conducted a hearing on these matters in Wilmington, North Carolina.

## BACKGROUND

The debtors filed for relief under Chapter 7 of the Bankruptcy Code on April 3, 2008. On September 16, 2008, the Trustee filed an adversary proceeding against the debtors seeking to deny their discharge. Prior to the filing of this adversary proceeding, the debtors attended a Section 341 meeting on May 19, 2008 at which the debtors provided the Trustee with wage and earnings statements covering the period between January 2008 and March 2008, as well as their 2007 federal and state tax returns. In response to a request for additional information by the Trustee at this 341 meeting, the debtors provided the Trustee with checking and retirement account statements, a list of real estate transfers, information regarding the male debtor's construction business, Capital Improvements of North Carolina, LLC, information related to certain claims against the debtor, and a written appraisal of the debtors' residence at 108 Sellers St., Oak Island, North Carolina. On June 16, 2008, the male debtor participated in an oral examination arranged by the Trustee. The following week, the debtor responded to requests by the Trustee for more information by providing copies of the debtors' 2007 tax returns, information regarding funds on hand, checking account statements, payroll commission reports, several notes, deeds of trust, and HUD-1 statements on property of the estate, accounting statements related to rental property, a 2004 property management agreement, a statement related to two Section 529 College Tuition Plans maintained for the benefit of the debtors' children, a list of furniture located in two rental units, and various corporate records related to Capital Improvements of North Carolina, LLC.

On June 27, 2008, the Trustee again requested that the debtors provide additional information. In response, the debtors provided a list of all attorneys used in their real estate transactions, information on earnings, life insurance policies, money market account statements, documents regarding a trust held for their children, copies of their 2006 federal and state tax returns, and their children's school expenses. Further, by letter dated October 21, 2008, the debtors provided copies of their 2005 tax returns, checking account statements, and bank statements of Capital Improvements of North Carolina, LLC. In response to a separate request by the Trustee, the debtors delivered to the Trustee numerous boxes containing financial records of Capital Improvements of North Carolina, LLC.

Subsequently, on February 20, 2009, the Trustee served on the debtors a request for production of documents. The request was entitled "Plaintiff's First Requests for the Production of Documents." Included among the documents requested by the Trustee were the following: (i) "any and all documents of any kind" related to the debtors' 2005-2007 tax returns, (ii) documents related to the financial condition of the debtors, (iii) documents regarding the financial condition or status of each and every business entity owned by the debtors, (iv) documents evidencing each and every source of income between 2005 and the date of petition, (v) documents related to the transactions and occurrences described in the Complaint and Answer, and (vi) documents which the debtors intend to introduce into evidence at trial. In response to the Trustee's latest request for production of documents, the debtors filed a motion for protective order.

On January 13, 2009, the Trustee issued a subpoena to Matthew G. Nestor and the Nestor Law Firm, PC ("Nestor") for the production of documents related to any real property in which

3

the debtors or Capital Improvements of North Carolina, LLC had an interest. The debtors are former clients of Nestor. In response, Nestor indicated by letter that the information requested was confidential and he was obligated not to disclose such information. On April 16, 2009, the Trustee moved to compel Nestor to produce the documents requested.

In addition, the Trustee issued subpoenas on February 22, 2009 to Marion D. Williams and Diana Lorey in which the Trustee requested the production of various documents regarding payments between the parties as well as bank statements. Ms. Williams and Ms. Lorey are the mothers of the debtors. On March 12, 2009, an attorney representing Ms. Williams and Ms. Lorey sent a letter to the Trustee objecting to the subpoenas. On April 28, 2009, the Trustee moved to compel Ms. Williams and Ms. Lorey to produce the documents.

## DISCUSSION

1. Motion for Protective Order by Debtors

The debtors move for issuance of a protective order pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure. Under Rule 7026, the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery . . . ." FED. R. BANKR. P. 7026(c)(1)(A). The debtors request that the court issue an order protecting them from the present and future discovery demands of the Trustee. In support of their position, the debtors assert that the Trustee's First Requests for Production of Documents demands the production of hundreds of documents and information which have already been furnished to the Trustee in connection with the Trustee's general administration of the case and in response to the Trustee's prior objections to exemptions, motions for turnover, Rule 2004 examination, 341 meeting, and

letters.  Based on the substantial amount of information already provided to the Trustee, the debtors argue that the Trustee's blanket request for production of documents is unreasonably cumulative and unjustifiably burdensome.  The court agrees and finds that the Trustee's omnibus request for production of documents fails to sufficiently specify what information is sought which has not already been furnished by the debtors.

2.  Motion to Compel Production of Documents Pursuant to Subpoena

The Trustee moves to compel Nestor to produce certain documents originally requested pursuant to a subpoena issued by the Trustee on January 13, 2009.  The subpoena requested that Nestor produce certain documents related to any real property owned by the debtors or Capital Improvements of North Carolina, LLC by March 13, 2009.  On April 10, 2009, Nestor responded to the subpoena by asserting that the North Carolina Rules of Professional Conduct precluded him from disclosing confidential information of former clients.

The court finds that Nestor is required to comply with the subpoena for the production of documents issued by the Trustee.  The North Carolina Rules of Professional Conduct provide that "a lawyer may reveal information protected from disclosure . . . to comply with the Rules of Professional Conduct, the law, or court order . . . ."  N.C. St. B. Rev. R. Prof. Conduct 1.6(b)(1) (Confidentiality of Information), 2009 Ann. R. N.C. 729, 749.  The subpoena is a court order which immunizes Nestor from his duty to maintain confidentiality with respect to documents related to his former clients.  Higginbotham v. KCS Intern., Inc., 202 F.R.D. 444, 455 (D. Md. 2001) ("Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court."); FED. R. CIV. P. 45(a) advisory committee's note ("Although the subpoena is in a sense the command of the attorney who completes the form,

defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Therefore, Nestor is compelled to produce the documents requested in the subpoena issued by the Trustee.

3. Motions to Compel Production of Documents Pursuant to Subpoenas Issued to Marion D. Williams and Diana Lorey

On February 22, 2009, the Trustee issued subpoenas to Marion D. Williams and Diana Lorey requesting the production of certain documents and information including bank statements. Ms. Williams and Ms. Lorey are the mothers of the debtors. On March 12, 2009, counsel for Ms. Williams and Ms. Lorey sent a letter to the Trustee objecting to the subpoenas. At hearing, the parties indicated that they had reached a partial settlement and that the sole issue remaining with respect to the subpoenas was whether the estate should bear the cost of producing copies of bank statements. The Trustee asserted that the costs associated with the production of bank statements should be borne by Ms. Williams and Ms. Lorey. The Trustee argued that requiring the estate to cover the cost of producing documents would encourage the withholding of information. Conversely, counsel for Ms. Williams and Ms. Lorey argued that the production of documents would result in significant expense to his clients. At hearing, counsel for Ms. Williams and Ms. Lorey asserted that Ms. Lorey's bank would charge her between $1,000.00 and $2,000.00 to provide her with copies of her bank account statements from the three-year period requested by the Trustee. Counsel for Ms. Williams and Ms. Lorey further argued that the costs associated with the production of bank statements should be borne by the Trustee because Ms. Williams and Ms. Lorey were not parties to the adversary proceeding.

The court finds that the cost of producing the bank account statements of Ms. Williams and Ms. Lorey should be borne by the estate. Ms. Williams and Ms. Lorey are not parties to the adversary proceeding. When seeking information from witnesses, the court typically requires the requesting party to pay the reasonable expenses associated with the production of such information. The court directs Ms. Williams and Ms. Lorey to provide the Trustee with accurate statements as to the location of the relevant bank records. To the extent the Trustee seeks further information regarding the bank accounts of Ms. Williams and Ms. Lorey, the estate will be responsible for the cost of producing such information.

4. Motion to Modify Scheduling Order and to Continue Trial

The Trustee moves the court to extend the deadline to complete discovery for 30 days, extend the deadline for filing motions for 30 days, and to continue the trial scheduled for July 23, 2009. The Trustee requests the extension of deadlines and the continuation of the trial in order to allow for subsequent discovery based on the court's rulings on the Trustee's motions to compel and the debtors' motion for a protective order. Based on the determinations by the court regarding the debtors' motion for protective order and the Trustee's motions to compel, the court finds that it is necessary to extend the deadlines for discovery and filing motions, as well as the date of trial.

Based on the foregoing, the debtors' motion for a protective order is ALLOWED, with leave for the Trustee to make more particularized requests for production of documents and information. The Trustee has 20 days from the date of this order to file a more particularized request for production of documents. The debtors will then have 20 days to either produce the documents or object. The Trustee's motion to compel Nestor to produce documents pursuant to

a subpoena is ALLOWED. The Trustee's motions to compel production of documents pursuant to subpoenas issued to Marion D. Williams and Diana Lorey are DENIED. However, Ms. Williams and Ms. Lorey are required to provide accurate statements as to the location of the bank records sought by the Trustee. The Trustee's motion to modify scheduling order and to continue trial is ALLOWED. The deadline for completing discovery and filing motions is extended to July 22, 2009. The final pretrial conference will be held on August 24, 2009 at 10:00 a.m. by telephone. The trial is continued to September 24, 2009 at 10:00 a.m. in Wilmington, North Carolina.

**"END OF DOCUMENT"**